RIAL STANCELL, plaintiff in error, vs. WILLIAM PRYOR, defendant in error.

*Words not actionable of themselves may be made so by averment and proof of a colloquium and innuendoes.*

Slander, from Walker county.    Tried before Judge TRIPPE, at November Term, 1857.

This was action of slander by Rial Stancell against William Pryor, for words spoken, &c.

The words alleged to have been spoken, as laid in the declaration, were, "Rial Stancell stole my steel trap—nobody else knew where it was."

*Columbus F. Roberts,* the only witness examined on the part of the plaintiff, testified, that late in the fall of 1854, he called at defendant's house on business; defendant told witness that he had lost his steel-trap; witness asked him if he suspected any person of taking it; he replied, "Yes, Rial Stancell is the only person who knew where it was; I told him where it was the other evening as we came from Brook's sale, and I have missed it from the place since I told Stancell where it was." The witness further testified that about six months afterwards, he and defendant exchanged a few words upon the subject, but the words he has forgotten, but recollects the impression left upon his mind was, that defendant was still charging plaintiff with having taken the steel-trap. That both conversations were commenced by defendant; the first conversation, at defendant's house, was before the bringing of this suit, but he thinks the second was afterwards : does not remember the words used on the last occasion, but recollects that they left him under the impression that plaintiff had taken the steel-trap.

This is the substance of this witness' testimony.    Plaintiff then closed.

Defendant moved for a nonsuit,

1st. Because the words as laid in the declaration, had not been proven.

2d. Because the words proven are not actionable.

The Court sustained the motion on the second ground.

Plaintiff moved to continue the case, to enable him to prove, by the next Term of the Court, the words spoken, he having acted upon the belief that the testimony of Roberts (which was by commission) would carry the case to the jury. He further proposed to let the case go to the jury and let them determine the motives which influenced defendant in speaking the words as proven. Both of which motions the Court refused, and ordered a nonsuit, and plaintiff excepted.

ALEXANDER, STANCELL & CROOK, for plaintiff in error.

BLACK, contra.

By the Court.—McDONALD, J. delivering the opinion.

The declaration in this case might have been amended by alleging a colloquium, that the defendant's steel-trap had been stolen, with suitable averments, that the words were spoken of and concerning the plaintiff, in reference thereto; and on proof of the said allegations with the words, the action might have been sustained. The Court below held that if the words as proven had been actionable, the declaration might have been amended, but we understood the decision to be, that the declaration could not have been so amended as to have sustained an action upon the words: words in themselves not actionable may be made so by avering a colloquium with suitable averments to apply the speaking to the subject.

Judgment reversed.